PEARSON, J.

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | |
|---|---|
| PRESTON W. DOSS, | ) |
| | ) CASE NO. 1:19CV1397 |
| Petitioner, | ) (1:16CR342) |
| | ) |
| v. | ) |
| | ) JUDGE BENITA Y. PEARSON |
| UNITED STATES OF AMERICA, | ) |
| | ) **MEMORANDUM OF OPINION AND** |
| Respondent. | ) **ORDER** |

In accordance with Rule 4(b) of the Rules Governing § 2255 Proceedings for the United States District Courts, the Court has undertaken an initial consideration of Petitioner's § 2255 motion. For the reasons that follow, the Court orders the following:

As to Ground One (Ineffective Assistance of Counsel), the United States Attorney shall respond to the Motion for Relief Under 28 U.S.C. § 2255 (ECF No. 57)[1] within thirty (30) days of the date of this Order. Petitioner shall serve and file a reply, if any, within 14 days after service of Respondent's answer or other pleading.

Grounds Two (Lack of Factual Basis for Guilty Plea) and Three (Lack of Due Process at Change of Plea Hearing) of Petitioner's motion, however, are dismissed pursuant to Rule 4(b) of the Rules Governing § 2255 Proceedings because "it plainly appears from the motion, any attached exhibits, and the record of prior proceedings that the moving party is not entitled to relief" on those counts. That conclusion is explained below.

---

[1] Citations to docket entries are to the criminal case docket, Case No. 1:16CR342.

(1:19CV1397)

## I. Analysis

### A. Ground One: Ineffective Assistance of Trial Counsel

In his first ground for relief, Petitioner posits several reasons that his trial counsel was ineffective. ECF No. 57-1 at PageID#: 343-44. That contention shall persist.

### B. Grounds Two and Three: Petitioner's Guilty Plea

Petitioner has thoroughly litigated the Court's acceptance of his guilty plea. The claims he advances in Grounds Two and Three of his motion have already been raised and rejected by this Court and the Court of Appeals.

In Ground Two of his motion, Petitioner argues that there was no factual basis for his guilty plea as to Count Two, possession of PCP with intent to distribute. ECF No. 57-1 at PageID#: 345-47. After Petitioner pleaded guilty before Magistrate Judge George J. Limbert, the magistrate judge issued a report recommending that the Court accept Petitioner's guilty plea as to Counts One and Two. *See* ECF Nos. 30, 31, 32. Petitioner did not object to the report and recommendation. The undersigned reviewed the transcript and the magistrate judge's report and recommendation *de novo* and explicitly concluded that "the magistrate judge . . . correctly found that there was an adequate factual basis for the plea." ECF No. 34 at PageID#: 116. Later, during a hearing on Petitioner's motion to withdraw his guilty plea as to Count Two (*see* ECF No. 35), the undersigned observed that, when Petitioner acknowledged that he was guilty of Count Two and agreed with the Government's rendition of the factual basis for the charge, he "knew what he was doing, he knew what the conversation he was having with Judge Limbert was about, he was engaged and attentive, and when he agreed, he meant to agree." ECF No. 53 at

2

(1:19CV1397)

PageID#: 277. On appeal, the Court of Appeals also concluded that Petitioner "admitted his guilt of the . . . drug offenses and confirmed the government's factual basis."[2] Sixth Circuit Case No. 17-4008, Docket No. 18-2 at 4 (June 25, 2018); ECF No. 55 at PageID#: 330. Ground Two of Petitioner's motion raises no argument that has not already been foreclosed.

Ground Three of Petitioner's motion similarly fails. Petitioner asserts that, during his change-of-plea hearing, Magistrate Judge Limbert "failed to conduct any form of inquiry as to the defendant's mental health . . . ." ECF No. 57-1 at PageID#: 348. That assertion, however, is plainly belied by the record. During the hearing, the magistrate judge confirmed that Petitioner has an 11th grade education, is able to speak and understand English, has a history of drug abuse, and takes a prescribed mental-health medicine. ECF No. 32 at PageID#: 93. The magistrate judge also confirmed that Petitioner had not consumed any drugs or alcohol in the preceding 24 hours, and he confirmed that neither the Government's counsel nor Petitioner's own counsel had any reason to doubt that Petitioner was competent to enter a guilty plea. *Id.* at PageID#: 94. On *de novo* review of the magistrate judge's report and recommendation, to which no objections were filed, the undersigned observed that Petitioner "was placed under oath and determined to be competent to enter a plea of guilty," and that "Magistrate Judge Limbert also correctly determined that [Petitioner] had . . . tendered his plea of guilty knowingly, intelligently, and voluntarily." ECF No. 34 at PageID#: 115-16. At a later hearing, the undersigned restated that the magistrate judge's change-of-plea colloquy was "thorough [and] detailed,"and that Petitioner

---

[2] The Sixth Circuit Court of Appeals, on review of an *Anders* brief, granted Petitioner's counsel's motion to withdraw and affirmed the district court. Sixth Circuit Case No. 17-4008, Docket No. 18 (June 25, 2018); ECF No. 55.

3

(1:19CV1397)

was "engaged and attentive." ECF No. 53 at PageID#: 271, 277.  The Court of Appeals, on reviewing the record, also concluded that Petitioner "was competent to plead guilty."  Sixth Circuit Case No. 17-4008, Docket No. 18-2 at 4 (June 25, 2018); ECF No. 55 at PageID#: 330. Ground Three of Petitioner's motion raises no argument that has not already been foreclosed.

## II.  Conclusion

Pursuant to Rule 4(b) of the Rules Governing § 2255 Proceedings, the United States Attorney shall respond to Ground One of Petitioner's Motion for Relief Under 28 U.S.C. § 2255 (ECF No. 57) within thirty (30) days of the date of this Order.  Petitioner shall serve and file a reply, if any, within 14 days after service of Respondent's answer or other pleading.

Pursuant to the same Rule, Grounds Two and Three of Petitioner's motion are hereby dismissed.


IT IS SO ORDERED.


   June 27, 2019       */s/ Benita Y. Pearson*
Date                                                    Benita Y. Pearson
                                                          United States District Judge