PEARSON, J.

# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF OHIO
# EASTERN DIVISION

| | |
|---|---|
| PRESTON W. DOSS, | ) |
| | ) CASE NO. 1:19CV1397 |
| Petitioner, | ) (1:16CR342) |
| | ) |
| v. | ) |
| | ) JUDGE BENITA Y. PEARSON |
| UNITED STATES OF AMERICA, | ) |
| | ) |
| Respondent. | ) **MEMORANDUM OF OPINION AND** |
| | ) **ORDER** [Resolving ECF No. 57] |

Before the Court is *pro se* Petitioner Preston W. Doss' motion to vacate, set aside, or correct a sentence pursuant to 28 U.S.C. § 2255. ECF No. 57.[1] The Government filed a response. ECF No. 80. Petitioner has not filed a reply and the time for doing so has elapsed. For the reasons set out in this Order, the motion is denied.

## I. Background

On August 15, 2016, officers responded to a report of gunshots in Cleveland. ECF No. 32 at PageID #: 102. When the officers arrived on the scene, Doss attempted to flee. *Id*. at PageID #: 102-03. When the officers apprehended Petitioner, they retrieved a handgun that he had thrown while he was running away. *Id*. at PageID #: 103. They also found a vial of phencyclidine ("PCP") nearby. *Id*. Petitioner was subsequently indicted with one count of Felon in Possession of a Firearm and one count of Possession with Intent to Distribute PCP. *See* ECF Nos. 1, 13.

---

[1] Citations to docket entries are to the criminal case docket, Case No. 1:16CR342

(1:19cv1397) (1:16cr342)

In March 2017, Doss filed a notice of intent to plead guilty. ECF No. 22. After consenting to the jurisdiction of the magistrate judge, he subsequently pleaded guilty before Magistrate Judge George J. Limbert. *See* ECF Nos. 30, 31, 32. Petitioner did not object to the report and recommendation. The Court reviewed and adopted the magistrate judge's Report and Recommendation and accepted Doss' pleas of guilty to both counts. ECF No. 34.

Petitioner subsequently filed two motions before the Court. First, Petitioner filed a motion to withdraw his guilty plea. ECF No. 35. The Court denied the motion, finding that there was no fair and just reason for doing so. *See* ECF No. 53. Petitioner also filed a motion to withdraw counsel for ineffective assistance of counsel. *See id.* at PageID #: 267. At the sentencing hearing, Doss orally withdrew that motion. ECF No. 53 at Page ID #: 269.

Petitioner was adjudged guilty and sentenced to 188 months of incarceration. ECF No. 47. After the sentencing hearing, Petitioner filed an *Anders* brief with the United States Court of Appeals for the Sixth Circuit, alleging several bases for appeal, including ineffective assistance of counsel. *See* Sixth Circuit Case No. 17-4008, Docket No. 18-2 at 2 (June 25, 2018). The Sixth Circuit affirmed Doss' sentence on June 25, 2018, but also found that his ineffective assistance of counsel claim was premature because those objections should be raised in a Section 2255 motion to vacate. *Id.* at PageID #: 2.

Doss filed the pending motion to vacate his sentence on June 17, 2019. ECF No. 57. Petitioner asserted three grounds of relief including: (1) ineffective assistance of counsel; (2) no factual basis for his guilty pleas as to Count Two; and (3) lack of due process at the change of plea hearing. *Id.*; ECF No. 57-1. After initial review of Petitioner's motion, pursuant to Rule

2

4(b) of the Rules Governing § 2255 Proceedings for the United States District Courts, the Court dismissed Grounds Two and Three and ordered the Government to file a response to Petitioner's motion on Ground One. ECF No. 59. The Court addresses the only remaining ground for relief, ineffective assistance of counsel, below.

## II. Standard of Review

Section 2255 of Title 28, United States Code, provides:

> A prisoner in custody under sentence of a court established by Act of Congress claiming the right to be released upon the ground that the sentence was imposed in violation of the Constitution or laws of the United States, or that the court was without jurisdiction to impose such sentence, or that the sentence was in excess of the maximum authorized by law, or is otherwise subject to collateral attack, may move the court which imposed the sentence to vacate, set aside or correct the sentence.

In order to prevail upon a Section 2255 motion, the movant must allege as a basis for relief "(1) an error of constitutional magnitude; (2) a sentence imposed outside the statutory limits; or (3) an error of fact or law that was so fundamental as to render the entire proceeding invalid." *Mallett v. United States*, 334 F.3d 491, 496-97 (6th Cir. 2003) (quoting *Weinberger v. United States*, 268 F.3d 346, 351 (6th Cir. 2001)).

## III. Analysis

### A. Ineffective Assistance of Trial Counsel

Ineffective assistance of counsel may be a proper basis for relief under 28 U.S.C. § 2255, provided that the petitioner can demonstrate counsel's ineffectiveness by a preponderance of the evidence. *Pough v. United States*, 442 F.3d 959, 964 (6th Cir. 2006); *McQueen v. United States*, 58 F. App'x 73, 76 (6th Cir. 2003). To establish ineffective assistance of counsel, the petitioner

3

(1:19cv1397) (1:16cr342)

must first demonstrate that counsel's performance was deficient. *Strickland v. Washington*, 466 U.S. 668, 687 (1984). "This requires showing that counsel made errors so serious that counsel was not functioning as the 'counsel' guaranteed the defendant by the Sixth Amendment." *Id*. Next, the petitioner must show that counsel's deficient performance prejudiced the defense. *Id*. To satisfy the prejudice requirement of *Strickland*, a petitioner must show "that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different. A reasonable probability is a probability sufficient to undermine confidence in the outcome." *Id.* at 694.

Doss advances one instance of alleged ineffective assistance of counsel, by claiming that counsel failed to file a motion to suppress the vial of PCP found near him when he was arrested. ECF No. 57-1 at PageID #: 343-44. Petitioner asserts that he asked counsel to file a motion to suppress the evidence of the PCP obtained at the site because it was not his, not on his person, and the officers' video cameras could validate these claims. ECF No. 57-2 at PageID #: 353. Petitioner alleges that counsel said that it did not matter and that he should just plead guilty. *Id*.

**1. Deficient Performance**

Failing to file a motion to suppress may constitute deficient performance in limited circumstances. *See Kimmelman v. Morrison*, 477 U.S. 365 (1986); *Northrop v. Trippet*, 265 F.3d 372 (6th Cir. 2001). Counsel's decision to not file a motion to suppress, however, does not always run afoul of the Sixth Amendment. *See, e.g., Kimmelman*, 477 U.S. at 383 (noting that counsel's failure to file a motion to suppress is not *per se* ineffective assistance of counsel); *Fornash v. Marshall*, 686 F.2d 1179, 1188-90 (6th Cir. 1982) (finding that there was no

(1:19cv1397) (1:16cr342)

ineffective assistance of counsel even when it was arguable whether the motion to suppress would have successful); United States v. Brown, 663 F.2d 229, 231 (D.C. Cir. 1981) ("Defense counsel is not required to file a motion to suppress in every case in which evidence obtained by a search is offered against a defendant. On the contrary, counsel must exercise his best professional judgment in deciding whether there are sufficient grounds for filing a motion."). Moreover, there is a strong presumption that counsel's conduct was reasonable. *See Rickman v. Bell*, 131 F.3d 1150, 1155 (6th Cir. 1997).

Petitioner's contention suffers two fatal flaws. First, Doss cannot claim that his counsel's performance was deficient because he would not have had standing to file a motion to suppress. While Doss asserts that he had taken PCP the day he was arrested, he also asserts that the vial of PCP the officers seized that night was not his. ECF No. 57-2 at PageID #: 352-54. Petitioner has the burden of demonstrating he has standing to challenge a search or seizure. *Rakas v. Illinois*, 439 U.S. 128, 130 (1978). Doss cannot meet this burden because an individual does not have standing to challenge a search or seizure when he claims that he does not own the seized evidence. *See United States v. Tolbert*, 692 F.2d 1041, 1048 (6th Cir. 1982).

Second, even if Doss had standing, filing a motion to suppress would not have been fruitful because the evidence seized was in plain view. *See Arizona v. Hicks*, 480 U.S. 321, 326 (1987); *Coolidge v. New Hampshire*, 403 U.S. 443 (1971). Under the plain view doctrine, an officer can seize evidence without a warrant as long as: (1) the officer was lawfully in a position where he saw the object; (2) the object was in plain view; (3) the object's incriminating nature was immediately apparent; and (4) the officer had a lawful right of access to the object. *Horton*

5

(1:19cv1397) (1:16cr342)

*v. California*, 496 U.S. 128, 134-38 (1990). All of these elements are satisfied. The officers found the vial of PCP on the ground in a public space and were lawfully in a position to seize the evidence because they were chasing Doss, who was fleeing the crime scene.

In support of his motion, Petitioner cites *Northrop v. Trippet*, 265 F.3d 372 (6th Cir. 2001). ECF No. 57-1 at PageID #: 343. The police officers in *Northrop* relied on an anonymous tip with a generic description to stop Northrop at a bus stop and search his duffel bag incident to an arrest. *Id*. at 375-76. The court found that although the officers searched the bag incident to an arrest, the officers did not have a sufficient basis for stopping him. *Id*. at 379. Due to this, defense counsel should have "sought to suppress the cocaine evidence." *Id*. Based on those circumstances, "it is difficult to imagine what tactical advantage or cost, could justify [defense counsel's] decision to let the stop go without challenge." *Id.* at 383.

Petitioner's reliance on *Northrop* is unavailing because the facts are quite distinguishable. The key distinguishing feature of *Northrop* is that the stop in that case was unreasonable, while the seizure of PCP near Petitioner was lawful. In *Northrop*, the evidence the officers relied on to stop the defendant and search his bag was so insufficient it could not even establish reasonable suspicion. Unlike this case, the petitioner had standing in *Northrop* because "[t]here was no question that the search was invalid." *Nance v. United States*, 580 F. App'x 454, 455 (6th Cir. 2014).

Counsel's decision to forego filing a meritless motion to suppress does not constitute deficient performance. *See, e.g.*, *United States v. Hanley*, 906 F.2d 1116, 1121 (6th Cir. 1990); *United States v. Nolan*, 910 F.2d 1553, 1564 (7th Cir. 1990); *see also Kellogg v. Scurr*, 741 F.2d

6

(1:19cv1397) (1:16cr342)

1099, 1104-05 (8th Cir. 1984) (finding that there was no ineffective assistance of counsel where counsel did not file a motion to suppress but the evidence seized satisfied the plain view exception to the warrant requirement).  Because filing a motion to suppress would have been unjustified, Petitioner's counsel did not perform deficiently in violation of his Sixth Amendment right to effective assistance of counsel.

### 2. Prejudice

Even if the Court finds that defense counsel's decision not to file a motion to suppress was deficient under *Strickland*, Petitioner provides no evidence of prejudice.  To demonstrate prejudice when a defendant pleaded guilty, the petitioner "must show that there is a reasonable probability that, but for counsel's errors, he would not have pleaded guilty and would have insisted on going to trial." Hill v. Lockhart, 474 U.S. 52, 59 (1985).  Determining whether a criminal defendant would have insisted on going to trial is an "objective, not subjective" inquiry. Pilla v. United States, 668 F.3d 368, 372 (6th Cir. 2012) (citations omitted).

Because the motion to suppress would have certainly been unsuccessful, Petitioner cannot establish he would have insisted on going to trial.  Petitioner claims that if an evidentiary hearing had been conducted, defense counsel could have shown that the area was a hotbed for drug and criminal activity.  ECF No. 57-1 at PageID #: 344.  Additionally, Doss claims that he was informed by an officer that the vial of PCP seized was not on any of the officers' body cameras, while his arrest was captured by the body cameras.  ECF No. 57-2 at PageID #: 353.  Petitioner insists that, had counsel probed these potential issues at a suppression hearing, the Court would have been more likely to suppress the PCP vial.  ECF No. 57-1 at PageID #: 344.  Although that

7

(1:19cv1397) (1:16cr342)

evidence could arguably establish the vial of PCP may not have been his, Petitioner still would have been unable to suppress the evidence because, as explained above, the vial was obtained in plain view. Moreover, the Court would have likely dismissed counsel's motion to suppress because if he had asserted the vial of PCP was not his, he would not have had standing to file a motion to suppress, as explained above. No grounds existed to suppress the evidence. The evidence of the PCP vial found that night would have been admissible at trial, regardless of whether Petitioner's counsel filed a motion to suppress. Doss was not prejudiced because he would not have been more likely to insist on going to trial rather than pleading guilty.

Therefore, Petitioner's claim for relief of ineffective assistance of counsel on the basis of counsel's failure to file a motion to suppress cannot be sustained.

### IV. Conclusion

For the reasons stated above, Petitioner Preston W. Doss' Motion to Vacate Under 28 U.S.C. § 2255 (ECF No. 57) is denied.

IT IS SO ORDERED.

  August 28, 2019     /s/ Benita Y. Pearson
Date                Benita Y. Pearson
                    United States District Judge